UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY B. BURIS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-2760-JDP (P)<br><br><br><br>ORDER |

Plaintiff brings this action against Sacramento County Jail, AHC staff, and Kat. The complaint fails to state a claim. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy this deficiency. Plaintiff also filed an application to proceed *in forma pauperis*, which makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
2  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
3  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
4  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
5  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
6  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
7  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
8  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
9  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
10 n.2 (9th Cir. 2006) (en banc) (citations omitted).

11  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
12 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
13 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
14 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
15 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
16 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
17 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18 **Analysis**

19  The complaint contains allegations about two separate events. The first incident took
20 place in April 2025. ECF No. 1 at 3. Plaintiff alleges that the medical staff at Sacramento
21 County Jail gave him the wrong medication for his tremors and shakes. *Id.* He learned that he
22 had been given the wrong medication after a nurse to an outside hospital examined him and told
23 him such. *Id.* Plaintiff also alleges that he previously filed a lawsuit related to being prescribed
24 the wrong medication but that the Jail never sent out his legal mail. *Id.* at 4.

25  As an initial matter, the complaint contains no allegations against ACH staff and Kat.
26 Therefore, those defendants should be dismissed. As for the Jail, plaintiff potentially states a
27 cognizable claim against it, but his claims are unrelated and cannot proceed together. Multiple,
28 unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may file an amended complaint that addresses these concerns.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 9, is GRANTED.  Plaintiff's second application to proceed *in forma pauperis*, ECF No, 10, is DENIED as moot.

3. Plaintiff's motion for subpoenas, ECF No. 8, is DENIED as premature.  If claims proceed past screening, the court will issue a discovery and scheduling order.

4. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

5. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   December 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3