UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY B. BURIS,

        Plaintiff,

        v.

SACRAMENTO COUNTY JAIL, *et al.*,

        Defendants.

Case No.  2:25-cv-2760-JDP (P)

ORDER

Plaintiff, a detainee in the Sacramento County Jail, has filed an amended complaint alleging that an unnamed nurse gave him the incorrect medication, causing him to suffer disorientation and tremors. ECF No. 15 at 2.  He also claims that, after filing a grievance, another unnamed "head nurse" stated that she would need to review video of the drug being administered, which the jail would not supply. *Id.* The only defendant named is the jail itself.  After review of the amended complaint, I find that it cannot proceed past screening.  I will give plaintiff one final opportunity to amend before recommending that this action be dismissed.  I will deny plaintiff's motion for and extension of time and appointment of counsel, ECF No. 14, and his motion to dismiss non-felony traffic citations, ECF No. 16.

1

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff's allegations regarding administration of the wrong drug are not suitable to proceed. Assuming plaintiff intends to bring a claim against either unnamed nurse, he has failed to allege that either acted objectively unreasonably, or with "something akin to reckless

2

disregard." *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Indeed, he alleges nothing about his interactions with either nurse, other than alleging that one gave him the wrong medicine and that the other could not take any action on his grievance without access to video evidence.[1] And plaintiff's claim against the jail itself is non-cognizable because the jail is not a "person" within the meaning of section 1983. *See Campos v. W. Cnty. Det. Facility*, No. 25-cv-06190-RMI, 2025 U.S. Dist. LEXIS 210535, *4 (N.D. Cal. Oct. 24, 2025) ("Plaintiff cannot sue the jail itself under section 1983 as the jail is not a 'person' within the meaning of the law."). To the extent that the complaint can be interpreted to bring a claim against Sacramento County, plaintiff has failed to allege that any custom or policy was the moving force behind his injury.

I will give plaintiff one final opportunity to amend so that he may address this issue. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Additionally, I will deny plaintiff's pending motions. Plaintiff's application to proceed *in forma pauperis* has already been granted, ECF No. 13, and an extension of time to obtain a copy of his trust account is unnecessary. Additionally, plaintiff's request for an appointment of counsel form is denied. Plaintiff may file a motion requesting counsel, but he is advised that he has no right to counsel in a civil action and that I will seek volunteer counsel only in circumstances where a claimant appears incapable of presenting his own claims or other unique circumstances warrant appointment. Plaintiff's motion to dismiss non-felony traffic citations does not belong in this action. Indeed, it is submitted on a form for the Sacramento County Superior Court. ECF No. 16 at 1. This court does not have jurisdiction or control over his traffic citations.

---

[1] A grievance response attached to the complaint appears to indicate that this footage was not available. ECF No. 15 at 5.

3

Accordingly, it is ORDERED that:

1.  Plaintiff's first amended complaint, contained in ECF No. 15, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.  Plaintiff's motions for extension of time, ECF No. 14, and to dismiss non-felony traffic citations, ECF No. 16, are DENIED.


IT IS SO ORDERED.


Dated:    March 3, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4