UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY B. BURIS, | Case No.  2:25-cv-2760-JDP (P) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY JAIL, *et al.*, | |
| Defendants. | |

On March 3, 2026, I directed plaintiff to file an amended complaint within thirty days of my order's entry.  ECF No. 17.  That deadline has passed, and plaintiff has not complied with or otherwise responded to my order.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his

failure to comply with my order.  Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed.  Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim.  Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, either his amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.


Dated:    May 7, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2